Finch, J.
Plaintiffs pleaded that on March 11, 1919, they sold and delivered to defendants 5,790 yards of cloth of the reasonable value and agreed price of $1,505.40, of which no part had been paid although duly demanded. Defendants denied the material allegations, and set up as a defense that on February 5, 1919, the parties entered into a written contract for the purchase and sale of 15,000 yards of said cloth, delivery to be made in equal parts during the months of March, April and May, and that plaintiffs had failed to make the deliveries as required, excepting that on March 11, 1919, they delivered 5,790 yards, of the value of $1,505.40, which is the amount plaintiffs claim is due them, and have refused to make further deliveries, and canceled said order, to defendants’ damage in the sum of $2,000. This defense was not set up as a counterclaim, because these defendants had *187 an action pending in the Supreme Court against these plaintiffs for damages for breach of contract.
This defense was on motion of plaintiffs stricken out as insufficient in law.
The plaintiffs then proceeded to show the receipt by the defendants of 5,790 yards of cloth of the value claimed, and then rested. The complaint was dismissed upon the ground that although the delivery and acceptance of goods of the value claimed was shown, and that no part of said amount had been paid, nevertheless no agreement of sale was shown, no agreement pursuant to which they were received, the court saying : “In my opinion this comes within the ruling of the Court of Appeals where they differentiate between entire contracts and severable contracts, and furthermore you did not show that the goods retained were sold, you did not show how he got them.”
The plaintiffs moved to reopen the case and put in further evidence, which motion was denied, the court stating that while plaintiffs had a right to maintain this action, their claim should have been interposed as a counterclaim in the Supreme Court action.
The learned court was in error in dismissing the complaint. The plaintiff proved the receipt of the goods and their value, and then introduced in evidence the complaint in the action in the Supreme Court brought by these defendants as plaintiffs against these plaintiffs as defendants. Said complaint in the Supreme Court action contained an admission on the part of the defendants in the case at bar that as a part of a larger contract of purchase and sale, the plaintiffs in the case at bar had delivered the goods herein sued for and were entitled to credit therefor in the amount herein claimed as for goods sold and delivered. This admission coupled with the plaintiffs’ other proof was sufficient in the absence of explanation *188 to permit the court to hold that the contract was divisible.
Quite regardless, however, of this question, under the provisions of section 125 of the Personal Property Law the proof is prima facie sufficient to sustain a recovery in this action. That section provides that: “ Where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them, but if the buyer accepts or retains the goods so delivered, knowing that the seller is not going to perform the contract in full, he must pay for them at the contract rate.” While this section of the statute changes the old rule enforced in New York state, it is in accordance with the view taken in almost every other jurisdiction. It may be that in this case when the defendant received the goods he did not know that the plaintiff would not deliver the whole amount, but he unquestionably did know this fact before the plaintiff brought this action, for it is shown that he had previously instituted an action in the Supreme Court for the plaintiffs’ alleged breach of contract. Nevertheless it is apparent that sufficient is shown to make out a prima facie case at least that the defendant has retained these goods with some knowledge. “ If the buyer retained the goods, having it in his power to redeliver them after he knew that the seller was going to make default in delivering the whole amount, it seems just that the buyer should pay the contract price. This result seems supported by the decisions which hold the buyer liable under such circumstances. It is commonly said that the retention operates as a severance of the 'contract.” See Williston Sales, 790.
It follows that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.